JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
RACHEL RAGNI LARRENAGA (241061)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email:  jwmurray@murraylaw.com
Email:  rfranklin@murraylaw.com
Email:  rragni@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**PAMPAS PALO ALTO, LLC,**<br>A California Limited Liability Company,<br><br>Debtor.<br><br>529 Alma Street<br>Palo Alto, California 94301<br><br>Employer Tax I.D. No.: 02-0806958 | Case No. 11-50029-CN-11<br><br>Chapter 11<br><br>Disclosure Statement Hearing<br><br>Date:    August 25, 2011<br>Time:    11:00 a.m.<br>Place:   United States Bankruptcy Court<br>          280 S. First St., Room 3070<br>          San Jose, CA  95113<br>Judge:   Honorable Charles Novack<br><br>Hearing on Plan Confirmation<br>Date:    TBD<br>Time:    TBD |

### DEBTOR'S PLAN OF REORGANIZATION
**(Dated July 21, 2011)**

Case: 11-50029   Doc# 99   Filed: 07/21/11   Entered: 07/21/11 16:03:04   Page 1 of 36

**TABLE OF CONTENTS**

Page

ARTICLE I. DEFINITIONS ................................................................................................2

ARTICLE II. DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS.............................9

    2.1     Class 1 (Allowed Priority Claims)..........................................................9
    2.2     Class 2 (Allowed Current Employee Vacation Claims)..............................9
    2.3     Class 3 (Allowed Administrative Convenience Class Claims)....................9
    2.4     Class 4 (Allowed Vendor Unsecured Claims)........................................9
    2.5     Class 5 (Allowed Non-Vendor Unsecured Claims). ...............................10
    2.6     Class 6 (Interest Holders)...............................................................10

ARTICLE III. TREATMENT OF CLAIMS AND INTERESTS NOT IMPAIRED
UNDER THE PLAN...............................................................................10

    3.1     Class 1 (Priority Claims)...............................................................10
    3.2     Class 6 (Interests)........................................................................10

ARTICLE IV. TREATMENT OF UNCLASSIFIED CLAIMS ................................................10

    4.1     Allowed Administrative Claims.......................................................11
    4.2     Tax Claims Entitled to Priority under Section 507(a)(8). ......................11

ARTICLE V. TREATMENT OF CLASSES OF CLAIMS AND INTERESTS THAT
ARE IMPAIRED UNDER THE PLAN ........................................................12

    5.1     Class 2 (Allowed Current Employee Vacation Claims)............................12
    5.2     Class 3 (Allowed Administrative Convenience Class Claims)...................12
    5.3     Class 4 (Allowed Vendor Unsecured Claims)......................................12
    5.4     Class 5 (Allowed Non-Vendor Unsecured Claims). ..............................13

ARTICLE VI. MEANS FOR IMPLEMENTATION OF THE PLAN ........................................13

    6.1     Restaurant Operation. ...................................................................13
    6.2     Prosecution of Retained Claims........................................................14
    6.3     Distributions..............................................................................14
            6.3.1   Distribution Account..............................................................14
            6.3.2   Distribution Addresses............................................................14
            6.3.3   Withholding Taxes.................................................................14

    6.4     Responsible Person......................................................................15
    6.5     Limitation of Liability of Responsible Person.....................................16
    6.6     Disbursing Agent. ......................................................................16
    6.7     De Minimis Distributions..............................................................16
    6.8     Unclaimed Distributions................................................................16
    6.9     Tax Returns, Payments and Refunds. ...............................................17
    6.10    Further Orders............................................................................17
    6.11    Post-Confirmation Employment of Personnel......................................17
    6.12    Post-Confirmation Compensation and Reimbursement of Professionals.................17
    6.13    Post-Confirmation Notice. ............................................................18

6.14    Revesting of Property of the Estate. ...................................................................19
6.15    Exemption From Certain Transfer Taxes. ............................................................19
6.16    Post-Confirmation Reports, Fees, and Final Decree. ..........................................19

    6.16.1  U.S. Trustee Fees. ................................................................................19
    6.16.2  Post-Confirmation Reports. ..................................................................19
    6.16.3  Final Decree. ........................................................................................20

ARTICLE VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...............................20

7.1    Treatment of Executory Contracts and Unexpired Leases. ...................................20
7.2    Assumption of Executory Contracts and Unexpired Leases. ................................20
7.3    Effect of Assumption of Executory Contracts and Unexpired Leases. ..................20
7.4    Adding and Removing Executory Contracts and Unexpired Leases. .....................21
7.5    Defaults. .............................................................................................................21
7.6    Rejection of Executory Contracts and Unexpired Leases. ...................................21
7.7    Rejection Claims. ................................................................................................21

ARTICLE VIII. PROOFS OF CLAIM; OBJECTIONS ...........................................................21

8.1    Time for Filing Proofs of Claim. .........................................................................21
8.2    Ownership and Transfers of Claims. ...................................................................22
8.3    Amendments to Claims. ......................................................................................22
8.4    Claim Objections. ...............................................................................................22
8.5    Disallowance of Claims. .....................................................................................22
8.6    Reserve Accounts. ..............................................................................................23

    8.6.1    Disputed Claims Reserve Account. ......................................................23

8.7    Distributions. ......................................................................................................23

ARTICLE IX. DEFAULT ...................................................................................................24

ARTICLE X. PRESERVATION OF RETAINED CLAIMS and Avoidance Actions .................24

ARTICLE XI. RETENTION OF JURISDICTION .................................................................25

ARTICLE XII. EFFECT OF ORDER OF CONFIRMATION ..................................................26

12.1    Binding Effect of Plan. ......................................................................................26
12.2    Discharge. .........................................................................................................26
12.3    Exculpation. ......................................................................................................27
12.4    Full Satisfaction of Claims and Interests. ..........................................................27
12.5    Injunction. .........................................................................................................27
12.6    Judgments Null and Void. ..................................................................................28
12.7    Preservation of Insurance. .................................................................................28

ARTICLE XIII. CONDITIONS PRECEDENT .......................................................................28

13.1    Conditions Precedent. .......................................................................................28
13.2    Waiver of Conditions. ........................................................................................28

ARTICLE XIV. MISCELLANEOUS ....................................................................................28

14.1    No Admissions. .................................................................................................28

JWM/RRL
...:\Pampas\Plan\LLC\...\end\Plan\Week
DEBTOR'S PLAN OF REORGANIZATION
(DATED JULY 21, 2011)
Case 5:00-... Doc# 99   Filed: 07/21/11   Entered: 07/21/11 16:03:04   Page 3 of 36

| | | |
|---|---|---|
| 14.2 | Revocation of the Plan. | 29 |
| 14.3 | Successors and Assigns. | 29 |
| 14.4 | Nonconsensual Confirmation. | 29 |
| 14.5 | Destruction of Records. | 29 |
| 14.6 | Saturday, Sunday and Legal Holiday. | 29 |
| 14.7 | Plan Interpretation. | 29 |
| 14.8 | Modification. | 30 |
| 14.9 | Setoff/Recoupment. | 30 |
| 14.10 | Waiver. | 30 |
| 14.11 | Notices. | 30 |
| 14.12 | Reservation of Rights. | 31 |
| 14.13 | Exhibits. | 31 |

Case: 50029   Doc#: 99   Filed: 07/21/11   Entered: 07/21/11 16:03:04   Page 4 of 36

# TABLE OF EXHIBITS

**EXHIBIT A**     L<small>IST OF</small> E<small>XECUTORY</small> C<small>ONTRACTS AND</small> U<small>NEXPIRED</small> L<small>EASES TO BE</small> A<small>SSUMED</small> P<small>URSUANT TO</small> P<small>LAN</small>

**PRELIMINARY STATEMENT**

Pampas Palo Alto, LLC (the "**Debtor**") proposes its DEBTOR'S PLAN OF REORGANIZATION (DATED JULY 21, 2011) (the "**Plan**") pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

On January 3, 2011, the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code. Chapter 11 sets forth the rules and procedures under which financially distressed entities may be reorganized or liquidated pursuant to a plan presented to Creditors and Interest Holders for consideration and approval. Confirmation (approval) of the Plan is the culmination of that process.

This Plan sets forth the Debtor's proposal for the reorganization of the Debtor and the treatment of all Allowed Claims against the Debtor. With the Plan, Creditors and Interest Holders will receive the DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION (DATED JULY 21 2011) (the "**Disclosure Statement**"). With the Plan and Disclosure Statement, Creditors will receive a Ballot for voting on the Plan. Class 1 Creditors and Class 6 Creditors are not impaired under the Plan and are therefore conclusively presumed to have accepted the Plan. Accordingly, acceptances with respect to Classes 1 and 6 are not being solicited and no Ballots need be returned by Class 1 Creditors and Class 6 Interest Holders. Acceptances of the Plan are therefore being solicited only from Classes 2, 3, 4 and 5. Consequently, only holders of Classes 2, 3, 4 and 5 need return their Ballots.

The Disclosure Statement includes a summary of the Debtor's history, a summary of significant events during the Chapter 11 case, a summary of the Debtor's assets and liabilities, a summary of what Creditors and Interest Holders will receive under the Plan, a discussion of certain alternatives to the Plan, and a summary of the procedures and voting requirements necessary for Confirmation of the Plan.

You should thoroughly review both the Plan and the Disclosure Statement before deciding whether you will accept or reject the Plan.

CREDITORS AND INTEREST HOLDERS WISHING TO VOTE ON THE PLAN SHOULD COMPLETE THE BALLOT PROVIDED AND RETURN IT NO LATER THAN

Case: 11-50029    Doc# 99    Filed: 07/21/11    Entered: 07/21/11 16:03:04    Page 6 of 36

SEPTEMBER ____, 2011 AT 5:00 P.M. PACIFIC DAYLIGHT TIME TO:

**Murray & Murray**
**A Professional Corporation**
**Attn: Rachel Ragni Larrenaga**
**19400 Stevens Creek Boulevard , Suite 200**
**Cupertino, California 95014-2548**

IF YOUR BALLOT IS NOT RETURNED BY September_____, 2011 AT 5:00 P.M. PACIFIC DAYLIGHT TIME, IT MAY NOT BE CONSIDERED. BALLOTS WHICH ARE RETURNED BUT NOT PROPERLY EXECUTED WILL NOT BE CONSIDERED. BALLOTS WHICH ARE EXECUTED BUT WHICH FAIL TO INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN WILL BE CONSIDERED AS ACCEPTING THE PLAN.

If any class of Claims does not accept the Plan, the Debtor may elect to seek Confirmation of the Plan under Section 1129(b) of the Bankruptcy Code. Confirmation under Section 1129(b) can, in appropriate circumstances, take place notwithstanding the rejection of, or objection to, the Plan by Creditors and Interest Holders. If required, as permitted by the terms of the Plan, the Plan may be modified at or prior to the hearing on Confirmation to permit Bankruptcy Court approval under Section 1129(b). If the Plan is not confirmed, the Bankruptcy Court may order the Bankruptcy Case dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code, or the Debtor or other parties in interest may propose a different plan.

## ARTICLE I.

## DEFINITIONS

As used in the Plan, the following terms will have the respective meanings specified below:

**1.1** **"Administrative Claim"** means a Claim for any cost or expense of administration of a kind specified in Section 503(b) of the Bankruptcy Code, including any actual and necessary costs and expenses of preserving the Bankruptcy Estate incurred on or after the Petition Date and through and including the Confirmation Date, any cure amounts that must be paid in connection with the assumption of any executory contract or unexpired lease of the Debtor under Section 365 of the Bankruptcy Code, fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), and compensation for legal or other services and reimbursement of expenses allowed by the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code or otherwise.

1.2 "**Administrative Claims Bar Date**" means that date which is thirty (30) days following the date of the Notice of Confirmation.

1.3 "**Administrative Claim Objection Deadline**" means sixty (60) days after the Administrative Claims Bar Date or such later date as may be established by the Bankruptcy Court for cause.

1.4 "**Administrative Convenience Claims**" means timely filed unsecured claims of $15,000 or less, and timely filed unsecured claims of greater than $15,000 whose holders elect on their Ballot to accept treatment pursuant to Class 3 under the Plan and agree to reduce their respective Allowed Claims to $15,000.

1.5 "**Allowed**" or "**Allowed Amount**" means the amount in which any Claim or Interest is allowed. Unless otherwise expressly required by the Bankruptcy Code or the Plan, the Allowed Amount of any Claim does not include interest on such Claim from or after the Petition Date.

1.6 "**Allowed Administrative Claim**" means all or any portion of an Administrative Claim that has either been Allowed by a Final Order or to which there has been no objection within the time period established by the Plan or by an order of the Bankruptcy Court.

1.7 "**Allowed Claim**" means a Claim: (a) in respect to which a proof of Claim has been filed with the Bankruptcy Court by the applicable Claims Bar Date and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; (b) as to which no proof of Claim has been filed and which has been listed on Schedule D, E or F of the Debtor's Schedules and is not listed as disputed, contingent, unliquidated or unknown as to amount, and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; or (c) which is Allowed by a Final Order. No Claim will be considered an Allowed Claim if: (1) an objection to the allowance thereof is interposed by a party in interest within the time fixed by the Plan or the Bankruptcy Court, and such objection has not been overruled by a Final Order; or (2) the Claim has been satisfied.

1.8 "**Appeal**" means the appeal of the Judgment entered in the Superior Court Action, initiated by the Debtor on December 22, 2010.

1.9 "**Avoidance Actions**" means causes of action under Chapter 5 of the Bankruptcy

Code.

**1.10** "**Ballot**" means the voting ballot Creditors will receive for purposes of voting on the Plan.

**1.11** "**Bankruptcy Case**" or "**Case**" means the bankruptcy case commenced by the Debtor's filing with the Bankruptcy Court of its Voluntary Petition under Chapter 11 of the Bankruptcy Code.

**1.12** "**Bankruptcy Code**" means title 11, United States Code, § 101, et seq. as in effect and applicable to the Case.

**1.13** "**Bankruptcy Court**" means the United States Bankruptcy Court for the Northern District of California, San Jose Division, or such other court exercising jurisdiction over the Case.

**1.14** "**Bankruptcy Estate**" or "**Estate**" means the estate created by the commencement of the Bankruptcy Case and comprised of the property described in Section 541 of the Bankruptcy Code.

**1.15** "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075, as amended, as applicable to the Bankruptcy Case.

**1.16** "**Business Day**" means a day, Monday through Friday, excluding federal and legal holidays.

**1.17** "**Claim**" means any: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**1.18** "**Claims Bar Date**" means: (a) with respect to Claims other than those held by governmental units, May 10, 2011; (b) with respect to Claims held by governmental units, July 5, 2010; (c) with respect to Rejection Claims, the Rejection Claims Bar Date; and (d) with respect to an Administrative Claim, other than as provided in Section 4.1 below for the Claims of the Debtor's Professionals, the Administrative Claims Bar Date.

**1.19** "**Claims Objection Date**" means the date ninety (90) days after the Effective Date; provided, however, that the Claims Objection Date may be extended by the Bankruptcy Court for cause upon the *ex parte* motion of the Reorganized Debtor.

**1.20** "**Confirmation**" means the entry by the Bankruptcy Court of the Order of Confirmation.

**1.21** "**Confirmation Date**" means the date on which the Bankruptcy Court enters the Order of Confirmation.

**1.22** "**Confirmation Hearing**" means the hearing held by the Bankruptcy Court to consider Confirmation of the Plan as required by Section 1128(a) of the Bankruptcy Code.

**1.23** "**Creditor**" means any entity holding a Claim against the Debtor.

**1.24** "**Current Employee Vacation Claims**" means Claims by current employees of the Debtor for paid time off, accrued before or after the Petition Date but unpaid as of the Effective Date.

**1.25** "**Debtor**" means Pampas Palo, Alto, LLC, a California limited liability company.

**1.26** "**Debtor's Professionals**" means, collectively, Murray & Murray, A Professional Corporation ("Murray & Murray"); Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"); and Meisser & Seales, LLP ("Meisser"); and/or their successors, if any; and such other professionals whose employment by the Debtor prior to the Confirmation Date is approved by order of the Bankruptcy Court, if any; and following the Effective Date, any professionals engaged by the Reorganized Debtor to represent or assist it in fulfilling its duties and obligations as the Reorganized Debtor under the Plan, including such accountant(s) as the Reorganized Debtor may select to complete the Reorganized Debtor's tax returns and other required filings with governmental authorities having jurisdiction over the Reorganized Debtor, and such legal professionals as might be appropriate to assist in administering the Plan, the Bankruptcy Case and the Bankruptcy Estate.

**1.27** "**Devcon**" means Devcon Construction, Inc.

**1.28** "**Disbursing Agent**" means Timothy Reynders, provided that the Debtor, the Reorganized Debtor or Timothy Reynders may request the Bankruptcy Court to designate another Person to serve as Disbursing Agent.

**1.29** "**Disclosure Statement**" means the DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION (DATED JULY 21, 2011), including any modification(s) thereof and/or amendment(s) thereto.

**1.30** "**Disputed Claim**" means a Claim against the Debtor: (a) as to which a proof of Claim has not been filed and/or that has been listed in the Debtor's Schedules as disputed, contingent, unliquidated or unknown as to amount; (b) as to which an objection has been filed within the time fixed by the Bankruptcy Court and which objection has not been withdrawn or disposed of by a Final Order; or (c) by a Person who is a defendant in an adversary proceeding (including an Avoidance Action) which has not been withdrawn or disposed of by a Final Order.

**1.31** "**Disputed Claims Reserve Account**" means a segregated interest-bearing bank account maintained for the purpose of holding cash attributable to Disputed Claims and administered consistent with the provisions of Section 345 of the Bankruptcy Code.

**1.32** "**Distribution**" means, as the context requires: (a) the cash to be provided under the Plan to the holders of Allowed Claims; or (b) the payment, transfer, delivery or deposit of cash to Creditors pursuant to the Plan.

**1.33** "**Distribution Date**" means any date on which a Distribution is made pursuant to the Plan.

**1.34** "**Effective Date**" means the effective date of the Plan, which will be a date designated by the Debtor, but which date will be no less than 15 calendar days and no more than 60 calendar days following the Confirmation Date, or, in the event that the Effective Date of the Plan is enjoined or stayed by a court of competent jurisdiction for any period of time, no later than 30 calendar days following expiration of such stay or injunction; *provided* that such date may be extended up to an additional 30 calendar days beyond the period set forth above by the Reorganized Debtor, in its sole discretion.

**1.35** "**Effective Date Anniversary**" means the date one year after the Effective Date.

**1.36** "**Final Order**" means an order entered on the docket by the Bankruptcy Court or such other court exercising jurisdiction over the case, as applicable, which is no longer subject to appeal, certiorari or other proceedings for review or rehearing, and as to which no appeal, certiorari

or other proceedings for review or rehearing are pending.

     **1.37** "**Interest**" means a share in the Debtor, whether or not transferable or denominated as "stock" or similar security.

     **1.38** "**Interest Holder**" means the holder of an Interest in the Debtor.

     **1.39** "**Judgment**" means the judgment entered against the Debtor in the Superior Court Action on September 24, 2010.

     **1.40** "**Local Rules**" means the Local Rules of the United States District Court for the Northern District of California, as amended, as applicable to this Bankruptcy Case.

     **1.41** "**Members**" means, collectively, any and all members of Pampas Palo Alto, LLC.

     **1.42** "**Non-Vendor Unsecured Claims**" means any and all general unsecured claims incurred by the Debtor prior to the Petition Date, including Rejection Claims, but not including Administrative Claims, Administrative Convenience Claims, Priority Claims, Tax Claims or Vendor Unsecured Claims. "Non-Vendor Unsecured Claims" include all pre-Petition Date Claims of Timothy and/or Masumi Reynders, Christopher Chin and/or the Chin Family Revocable Trust; Devcon; Allen Matkins; and Pampas International, LLC.

     **1.43** "**Notice of Confirmation**" means the Notice of Order Confirming Plan or similarly titled notice of like effect issued by the Clerk of the Bankruptcy Court following Confirmation.

     **1.44** "**Notice Parties**" means the Reorganized Debtor, the United States Trustee, the Responsible Person, and any Creditor or party in interest who, after the Confirmation Hearing, serves a notice on the Debtor or Reorganized Debtor and its counsel requesting to be added as a notice party; provided, however, that any Creditor whose Claim has been paid in full will no longer be a Notice Party.

     **1.45** "**Order of Confirmation**" means the order entered by the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

     **1.46** "**Petition Date**" means January 3, 2011, the date on which the Debtor filed its Voluntary Petition under Chapter 11 initiating the Bankruptcy Case and on which date relief was ordered in the Bankruptcy Case.

**1.47** "**Plan**" means this DEBTOR'S PLAN OF REORGANIZATION (DATED JULY 21, 2011), including any modification(s) hereof and/or amendment(s) hereto that comply with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

**1.48** "**Priority Claim**" means any Allowed Claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, but not including an Administrative Claim or a Tax Claim.

**1.49** "**Rejection Claims**" means an Allowed Non-Vendor Unsecured Claim arising from the Debtor's rejection of an unexpired lease or executory contract pursuant to the Plan or pursuant to an order of the Bankruptcy Court.

**1.50** "**Rejection Claims Bar Date**" means the earlier of: (a) thirty (30) days following the date of the Notice of Confirmation; or (b) thirty (30) days after the effective rejection date with respect to an executory contract or unexpired lease rejected before the Confirmation Date pursuant to a Final Order.

**1.51** "**Reorganized Debtor**" means the Debtor on and after the Effective Date.

**1.52** "**Responsible Person**" means Timothy Reynders or such other Person designated by an order of the Bankruptcy Court.

**1.53** "**Restaurant"** means the Debtor's Brazilian "churrasco" style fare restaurant, Pampas Palo Alto, located at 529 Alma Street, Palo Alto, CA.

**1.54** "**Retained Claims**" means any Claim owned or held by the Debtor against any Person as of the Effective Date, including without limitation, Avoidance Actions, and those Retained Claims referred to in Article X.

**1.55** "**Schedules**" means the Debtor's schedules of assets and liabilities consisting of Schedules "**A**" through "**H**" filed with the Bankruptcy Court pursuant to Section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b), as may be amended at any time prior to Distribution.

**1.56** "**State Court Litigation**" means collectively the Superior Court Action and the Appeal.

**1.57** "**Superior Court Action**" means the state court action initiated against the Debtor by Devcon on September 15, 2008 in the Santa Clara County Superior Court.

**1.58** "**Tax Claim**" means any Allowed Claim against the Debtor entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

**1.59** "**Vendor Unsecured Claims**" means any general unsecured Claim held by a trade vendor who extended credit to the Debtor in the ordinary course of business prior to the Petition Date with the agreement, understanding or expectation that the total amount outstanding on its invoice would be paid in full within an agreed number of days after its goods were delivered or services rendered (e.g., "net 30"). "Vendor Unsecured Claims" do not include Administrative Claims, Administrative Convenience Claims, Non-Vendor Unsecured Claims, Priority Claims, Rejection Claims or Tax Claims.

A capitalized term used in the Plan that is not herein defined but is defined in the Bankruptcy Code or the Bankruptcy Rules will have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules.

## ARTICLE II.

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Allowed Claims against and Interests in the Debtor are designated and classified below for purposes of the Plan.

Except to the extent that the Plan provides otherwise, a Claim or Interest that is properly includable in more than one class is classified in a particular class only to the extent that it qualifies within the description of that class, and is placed in a different class to the extent it qualifies within the description of such different class.

**2.1** **Class 1 (Allowed Priority Claims).**

Class 1 consists of all Claims entitled to priority under Bankruptcy Code Section 507(a) other than unclassified Section 503(b) Administrative Claims and Section 507(a)(8) Tax Claims.

**2.2** **Class 2 (Allowed Current Employee Vacation Claims**).

Class 2 consists of all Allowed Current Employee Vacation Claims.

**2.3** **Class 3 (Allowed Administrative Convenience Class Claims**).

Class 3 consists of all Allowed Administrative Convenience Claims.

**2.4** **Class 4 (Allowed Vendor Unsecured Claims).**

Class 4 consists of the Allowed Vendor Unsecured Claims.

**2.5    Class 5 (Allowed Non-Vendor Unsecured Claims).**

Class 5 consists of the Allowed Non-Vendor Unsecured Claims.

**2.6    Class 6 (Interest Holders).**

Class 6 consists of the Interests of Interest Holders.

## ARTICLE III.

## TREATMENT OF CLAIMS AND INTERESTS NOT IMPAIRED UNDER THE PLAN

The below class of Claims and Interests are not impaired under the Plan and will receive the treatment described below:

**3.1    Class 1 (Priority Claims).**

Class 1 consists of all Claims entitled to priority under Bankruptcy Code Section 507(a) other than unclassified Section 503(b) Administrative Claims and Section 507(a)(8) Tax Claims described herein. A preliminary review of the Debtor's books and records indicates that there are no Class 1 Priority Claims. There are no filed Class 1 Claims and the Debtor estimates that on the Effective Date of the Plan, there will be no Allowed Class 1 Claims. Except to the extent that the holder of a particular Allowed Class 1 Claim, if any, has agreed to a less favorable treatment of such Claim, each holder of an Allowed Class 1 Claim shall be paid in cash, in full upon the later of: (a) the Effective Date; or (b) if such Claim is initially a Disputed Claim, when it becomes an Allowed Claim. The foregoing is in full and final satisfaction of all Class 1 Claims.

The holders of Class 1 Claims, if any, are unimpaired under the Plan and are presumed to have accepted the Plan. Claims are subject to verification and may be reduced after objections are resolved by the Bankruptcy Court. The foregoing is in full and final satisfaction of the Class 1 Claim.

**3.2    Class 6 (Interests).**

The Interests of Interest Holders remain unaltered.

## ARTICLE IV.

## TREATMENT OF UNCLASSIFIED CLAIMS

Unclassified Claims will be treated as follows:

### 4.1 Allowed Administrative Claims.

Except to the extent that the holder of a particular Administrative Claim has agreed to a different treatment of such Claim, each holder of an Allowed Administrative Claim will be paid in cash, in full, upon the later of: (a) the Effective Date; (b) if such Claim is initially a Disputed Claim, when it becomes an Allowed Administrative Claim; and (c) if such Claim is incurred after the Petition Date in the ordinary course of the Debtor's business, within such time as payment is due pursuant to the terms giving rise to such Claim or as otherwise authorized by the Bankruptcy Court.

Any request for allowance of an Administrative Claim pursuant to Section 503(a) of the Bankruptcy Code, other than by the Debtor's Professionals, must be filed on or before the Administrative Claims Bar Date. If the holder of an asserted Administrative Claim does not file and serve a request for payment of such Claim on the Debtor on or before that date, the holder will be forever barred from asserting such Claim or receiving any payment on account of such Claim. Any objection to the allowance of an Administrative Claim (excluding any claim by the Debtor's Professionals) must be filed no later than the Administrative Claim Objection Deadline. If no objection to the applicable Administrative Claim is filed on or before that date, such Administrative Claim will be deemed Allowed as of that date. The foregoing is in full and final satisfaction of all Administrative Claims.

### 4.2 Tax Claims Entitled to Priority under Section 507(a)(8).

Except to the extent that the holder of a particular Tax Claim has agreed to a different treatment of such Claim, each holder of an Allowed Tax Claim will be paid in cash, in full upon the later of: (a) the Effective Date; and (b) if such Claim is initially a Disputed Claim, when such Claim becomes an Allowed Tax Claim; provided, however, that no such payment will be made unless and until the holders of Allowed Claims entitled to priority pursuant to Section 507(a)(2) through (a)(7) of the Bankruptcy Code are paid or otherwise receive the treatment accorded to them in the Plan; and, provided further, that any such Tax Claim will be paid no later than five (5) years from the Petition Date with interest as provided by applicable nonbankruptcy law.

///

///

Case: 11-50029   Doc# 99   Filed: 07/21/11   Entered: 07/21/11 16:03:04   Page 16 of 36

**ARTICLE V.**

**TREATMENT OF CLASSES OF**
**CLAIMS AND INTERESTS THAT ARE IMPAIRED UNDER THE PLAN**

**5.1     Class 2 (Allowed Current Employee Vacation Claims).**

Class 2 consists of the Allowed Current Employee Vacation Claims.

The Debtor estimates that there are approximately $9,442.31 in Allowed Current Employee Vacation Claims.  The Reorganized Debtor shall, on the Effective Date, or as soon thereafter as practicable, credit each holder of an Allowed Current Employee Vacation Claim with accrued vacation in an amount equal to the Allowed Current Employee Vacation Claim.  After the Effective Date, a holder of an Allowed Current Employee Vacation Claim shall be entitled to use the vacation credited to such holder in the ordinary course of business and in a manner consistent with the employment policies of the Reorganized Debtor and shall have all of the rights provided by applicable law with respect to accrued vacation.  Persons whose employment with the Debtor is terminated shall receive at termination payment in full of the remaining amount owing on the Allowed Current Employee Vacation Claim.  The foregoing is in full and final satisfaction of all Class 2 Claims.

Class 2 is impaired.  All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

**5.2     Class 3 (Allowed Administrative Convenience Class Claims).**

Class 3 consists of the Allowed Administrative Convenience Class Claims.

Ninety (90) days following the Effective Date, each holder of a Class 3 Allowed Administrative Convenience Claim shall receive payment in full.   The foregoing is in full and final satisfaction of all Class 3 Claims.

Class 3 is impaired.  All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

**5.3     Class 4 (Allowed Vendor Unsecured Claims).**

Class 4 consists of the Allowed Vendor Unsecured Claims.

The holders of Allowed Vendor Unsecured Claims will receive, on account of such Claim(s),

payment in full in six (6) equal monthly installments commencing on the first day of the seventh calendar month following the Effective Date. The foregoing is in full and final satisfaction of all Class 4 Claims.

Class 4 is impaired. All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

**5.4    Class 5 (Allowed Non-Vendor Unsecured Claims).**

Class 5 consists of the Allowed Non-Vendor Unsecured Claims.

The holders of Allowed Non-Vendor Unsecured Claims will receive a total of ten percent (10%) of their Allowed Non-Vendor Unsecured Claims. Payments will be made in six (6) equal yearly installments commencing on the first day of the first calendar month following the Effective Date Anniversary. The foregoing is in full and final satisfaction of any and all Class 5 Claims.

Class 5 is impaired. All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

**ARTICLE VI.**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

**6.1    Restaurant Operation.**

The Reorganized Debtor will continue to operate its Restaurant and will use cash on hand and cash generated from business operations to perform its obligations under the Plan. The Debtor believes that through the operation of the Restaurant, all Claims will be paid pursuant to the provisions of the Plan. The Debtor has projected conservative growth in sales revenue in the business plan through the Plan term. Annual sales growth through May 2011 is up over 14% from the same period in 2010. While this level of sales growth may not be sustainable long-term, the financial model during the Plan term only reflects a 3% annual growth rate in sales. Expansion into offsite catering, an expansion the Debtor anticipates in 2011, will supplement the revenue growth and assure the fiscal success of the Plan as submitted. Attached as **Exhibit "C"** to the Disclosure Statement is the Debtor's Projected Cash Flow And Business Plan, detailing the cash flow projections and proposed claims payout.

Prior to the Confirmation Hearing, the Debtor shall deposit funds into Murray & Murray's

trust account in an amount sufficient to pay (a) all sums due under the Plan on the Effective Date, and (b) all projected Administrative Claims.

If the Reorganized Debtor does not have sufficient funds on the Distribution Date to make the payments provided in the Plan to the holders of Allowed Administrative Claims, Tax Claims and Class 1 Priority Claims, any Member may, in its discretion, loan sufficient funds to the Reorganized Debtor to make such payments, and such loans shall be treated as Class 5 Claims.

**6.2    Prosecution of Retained Claims.**

Except as otherwise provided in the Plan, subject to Section 6.4 herein, the Responsible Person will collect and prosecute the Retained Claims, if any.

**6.3    Distributions.**

6.3.1    Distribution Account.

If the Disbursing Agent is a Person other than the Responsible Person, the Disbursing Agent shall hold any funds transmitted to it in a segregated trust account for the benefit of holders of Allowed Claims.

6.3.2    Distribution Addresses.

Unless a Creditor has provided the Debtor or the Reorganized Debtor and its counsel with written notice of a different address, Distributions will be mailed to Creditors at the address set forth in the proofs of Claim filed with the Bankruptcy Court.  If no proof of Claim is filed with respect to a particular Claim, the Distribution will be mailed to the address set forth in the Schedules filed by the Debtor.

6.3.3    Withholding Taxes.

Pursuant to Section 346(h) of the Bankruptcy Code, the Disbursing Agent will be entitled to deduct any federal, state or local withholding taxes from any cash payments made with respect to Allowed Claims, as appropriate.  The Disbursing Agent will be permitted to withhold a Distribution to any Creditor who has not provided information requested by the Disbursing Agent for the purpose of fulfilling its obligations hereunder.  The Disbursing Agent shall comply with all reporting obligations imposed on it by any governmental unit with respect to withholding and related taxes.

/ / /

### 6.4 Responsible Person.

On and after the Effective Date, Timothy Reynders shall serve as the Responsible Person and Disbursing Agent. The Responsible Person will be replaced in the event of a voluntary resignation, death, incapacity or at the request of a party in interest for "cause" upon order of the Bankruptcy Court. In the event of a voluntary resignation, the then-Responsible Person will select a replacement. In all other events, the Court will appoint a replacement. A voluntary resignation will not be effective until a successor has accepted in writing his or her appointment.

The Responsible Person will manage the Reorganized Debtor and will have all of the authority to act on behalf of the Reorganized Debtor as if the Responsible Person was the sole member, director and officer, in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules. Such management will include: (a) fulfilling the duties and obligations of the Debtor and the Reorganized Debtor under the Plan; and (b) fully administering the Bankruptcy Estate as required by the Plan, the Order of Confirmation, the Bankruptcy Code and the Bankruptcy Rules, which duties and obligations include the facilitation of Distributions pursuant to the Plan, reviewing Claims, objecting to Disputed Claims, supervising the preparation and filing of required tax returns of the Debtor and closing the Bankruptcy Case. The Reorganized Debtor will be substituted as successor to the Debtor and its Estate in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court with respect to Disputed Claims. Without limiting the foregoing, the Responsible Person, acting on behalf of the Reorganized Debtor, will have all of the rights and powers of an estate representative appointed pursuant to Section 1123(b)(3) of the Bankruptcy Code to prosecute or otherwise assert the Retained Claims, if any, including Avoidance Actions, if any.

The Responsible Person may, in his discretion, employ such other persons as may be necessary to assist with implementing the Plan and as otherwise necessary in the Case.

Subject to the Reorganized Debtor's business judgment regarding the pursuit of any particular Retained Claim (which may entail evaluation, among other things, of the cost of pursuing such Retained Claim), the Responsible Person will have no obligation to pursue any affirmative claims on behalf of the Reorganized Debtor or its Estate and any such claims may be abandoned or

waived at the sole discretion of the Responsible Person.

Upon the Effective Date, the Responsible Person will be authorized on behalf of the Debtor and Reorganized Debtor to execute all instruments, agreements and documents, and to take all actions for and on behalf of the Debtor or Reorganized Debtor necessary to effectuate the provisions of the Plan without further action by the Debtor's or Reorganized Debtor's members. Any such document, agreement or instrument executed and delivered by the Responsible Person will be conclusively deemed duly executed by the Debtor and/or Reorganized Debtor without the need for further corporate action or order of the Bankruptcy Court. After the Effective Date, the Responsible Person will be entitled to implement and administer the Plan without the need for further corporate action or order of the Bankruptcy Court.

**6.5    Limitation of Liability of Responsible Person.**

Under the Plan, the Responsible Person will not be liable for any act or omission committed in his capacity as Responsible Person under the Plan while acting in good faith and in the exercise of reasonable business judgment, except to the extent determined to be the result of his own gross negligence, willful fraud or other willful misconduct. The foregoing limitation on liability will apply equally to the agents, employees and professionals of the Responsible Debtor acting on behalf of the Debtor, Reorganized Debtor and/or the Bankruptcy Estate.

**6.6    Disbursing Agent.**

Timothy Reynders shall serve as Disbursing Agent unless otherwise ordered by the Court.

**6.7    De Minimis Distributions.**

Notwithstanding any other provision of the Plan, Distributions of less than $50.00 need not be made on account of any Allowed Claim; provided, however, that Distributions that would otherwise be made but for this provision will carry over to the next Distribution Date until the cumulative amount to which any holder of an Allowed Claim is entitled is more than $50.00, at which time the cumulative amount of such Distributions will be paid to such holder.

**6.8    Unclaimed Distributions.**

Any cash Distributions that remain unclaimed or unnegotiated for ninety (90) days following issuance of the check representing the Distribution or are returned for reasons other than the absence

of a current or correct address (unless a current or correct address cannot be determined after reasonable inquiry) will become the property of the Reorganized Debtor.

**6.9     Tax Returns, Payments and Refunds.**

The Reorganized Debtor shall file or cause to be filed any and all delinquent and final tax returns and pay any and all taxes owed by the Debtor and the Reorganized Debtor on a timely basis (other than taxes provided for under the Plan).  The Reorganized Debtor reserves all rights to amend prior tax returns of the Debtor and to pursue and collect all potential tax refunds, to claim losses and to take such other actions to the fullest extent allowed by law.

**6.10     Further Orders.**

Upon motion by the Reorganized Debtor, the Bankruptcy Court may enter such other and further orders as may be necessary or appropriate to facilitate consummation of the Plan.

**6.11     Post-Confirmation Employment of Personnel.**

The Reorganized Debtor and any Disbursing Agent may employ or contract with Persons and other Entities to perform, or advise and assist them in the performance of, their respective obligations under the Plan.  The Reorganized Debtor may continue to employ the Debtor's Professionals for the purposes for which they were employed before the Confirmation Date, and for such additional purposes as the Reorganized Debtor may request, and the Reorganized Debtor may employ such other Professionals as may be necessary to perform its responsibilities under the Plan.

**6.12     Post-Confirmation Compensation and Reimbursement of Professionals.**

All professionals employed by the Reorganized Debtor after the Confirmation Date will be entitled to payment of their reasonable post-Confirmation Date fees and reimbursement of expenses on a monthly basis, subject to the following:

Each professional requesting payment of such compensation shall serve a detailed statement of requested fees and expenses on the Notice Parties.

Any Notice Party or other party in interest may object to any portion of the requested fees and expenses.  Any objection to the payment of fees or reimbursement of expenses must be in writing (and sufficiently detailed to allow the professional whose fees or expenses are subject to the objection an opportunity to respond, and ultimately to allow the Bankruptcy Court to rule on such

objection) and served on the Notice Parties and the professional whose fees and expenses are subject to the objection. Such an objection must be served within fifteen (15) days after service of the detailed statement.

If there is no objection to a professional's requested fees and expenses within such fifteen (15) day period, the Reorganized Debtor shall promptly pay the requested amount in full. If an objection to a portion of the fees or expenses requested is timely served, the Reorganized Debtor shall promptly pay the undisputed portion of such fees and expenses.

To the extent that an objection is timely served, the Responsible Person shall reserve monies in the Disputed Claims Reserve Account in the amount of the disputed fees and expenses pending resolution of said objection.

Any objection to a request for payment of fees and expenses will be resolved by either: (a) written agreement between the professional requesting such fees and expenses and the objecting party; or (b) Final Order of the Bankruptcy Court. Resolution by the Bankruptcy Court must be requested by motion filed and served on the objecting party and the Notice Parties in accordance with the Bankruptcy Rules and the Local Rules on not less than twenty-one (21) days notice and such motion may be filed by either the requesting professional or the objecting party. Any opposition to the motion must be filed and served no later than seven (7) days prior to the hearing.

Professionals will not otherwise be required to file applications for Bankruptcy Court approval of post-Confirmation fees and expenses.

### 6.13    Post-Confirmation Notice.

Whenever the Plan requires a Person to provide notice pursuant to the Notice Procedure, such Person seeking the particular relief shall be required to serve a written notice on the Notice Parties. Such Person shall be authorized to take the action proposed to be taken in such notice upon the expiration of the period specified in the Plan for such notice unless, before the expiration of the specified notice period, a recipient Notice Party, or a party in interest, has filed an objection to such proposed action with the Bankruptcy Court and scheduled a hearing on such objection within thirty (30) days after the filing of such objection and upon not less than twenty-one (21) days' notice to all Notice Parties. If any such objection is filed, the Person seeking the particular relief shall not take

the proposed action unless the Bankruptcy Court approves such action or the objecting party withdraws the objection. Service by electronic filing pursuant to Local Rule 9013-3 shall be adequate for all notices and other pleadings filed with the Bankruptcy Court.

**6.14    Revesting of Property of the Estate.**

On the Effective Date all property of the Debtor and the Bankruptcy Estate will vest in the Reorganized Debtor, free and clear of any and all liens, encumbrances, Claims and Interests of Creditors and Interest Holders subject to the provisions of the Plan. Revesting does not modify the nature of any contracts assumed by the Debtors and/or Reorganized Debtor.

**6.15    Exemption From Certain Transfer Taxes.**

Following Confirmation, any sales or transfers will be, to the fullest extent permitted by law, entitled to the exemptions provided for under, and to the fullest extent permitted by, Section 1146(a) of the Bankruptcy Code. The Debtor reserves all rights to request a determination of legal questions related to the tax effects of the Plan as appropriate under Section 1146(b) of the Bankruptcy Code.

**6.16    Post-Confirmation Reports, Fees, and Final Decree.**

6.16.1  U.S. Trustee Fees.

Not later than thirty (30) days after the end of each calendar quarter that ends after the Effective Date (including any fraction thereof), the Reorganized Debtor shall pay to the United States Trustee the quarterly fee for such quarter until the Case is converted, dismissed, or closed pursuant to a Final Decree, as required by 28 U.S.C. § 1930(a)(6).

6.16.2  Post-Confirmation Reports.

Not later than thirty (30) days after the end of each calendar quarter which ends after the Effective Date, the Reorganized Debtor shall file and serve upon the United States Trustee a quarterly post-Confirmation status report in substantially the form provided by the United States Trustee. Further reports must be filed no later than thirty (30) days after the end of every calendar quarter thereafter until the entry of a Final Decree, unless otherwise ordered by the Bankruptcy Court.

/ / /

/ / /

### 6.16.3  Final Decree.

At such time as all motions, contested matters and adversary proceedings have been finally resolved and the Bankruptcy Case is in a condition to be closed, the Reorganized Debtor shall file an application for the entry of a Final Decree to close the Bankruptcy Case pursuant to Section 350 of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules.  Entry of a Final Decree may be sought by the Reorganized Debtor notwithstanding that all payments required by the Plan have not been completed provided the Bankruptcy Case is determined by the Bankruptcy Court to be fully administered; provided further, that the Bankruptcy Court retains jurisdiction to hear all matters involving the further administration of the Plan until all holders of Allowed Claims have been paid in full or as otherwise agreed to or provided for under the Plan.  The Reorganized Debtor shall serve the application for entry of a Final Decree on the Notice Parties.  Pursuant to Local Rule, such application shall be considered by the Bankruptcy Court without a hearing unless within fourteen (14) days after the date of service of the notice, a party in interest files and serves a request for hearing.

## ARTICLE VII.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 7.1     Treatment of Executory Contracts and Unexpired Leases.

The Debtor reserves the right to move the Bankruptcy Court at any time for authority to assume, assume and assign, or reject, pursuant to Bankruptcy Code Section 365, any and all contracts that are executory and leases that are unexpired.

### 7.2     Assumption of Executory Contracts and Unexpired Leases.

Each contract and lease listed on **Exhibit** "**A**" to the Plan will be assumed by the Debtor on the Effective Date to the extent each such contract is executory and each such lease is unexpired.

### 7.3     Effect of Assumption of Executory Contracts and Unexpired Leases.

All executory contracts and unexpired leases assumed prior to Confirmation or pursuant to the Plan and not otherwise rejected pursuant to the Plan or otherwise will remain in full force and effect, be unimpaired by the Plan except as specifically modified by the Plan and the Order of Confirmation, and be binding on the parties thereto.

**7.4    Adding and Removing Executory Contracts and Unexpired Leases.**

The provisions of this Article VII may be amended, with appropriate notice to those parties in interest directly affected, at any time prior to the conclusion of the hearing on Confirmation of the Plan, to add or remove executory contracts and unexpired leases to be assumed, assumed and assigned, or rejected pursuant to the Plan.

**7.5    Defaults.**

Unless other treatment is agreed to between the parties to each assumed contract or lease, if there has been a default in an assumed executory contract or unexpired lease other than the kind specified in Section 365(b)(2) of the Bankruptcy Code, the Debtor shall, on or before the Effective Date: (a) cure, or provide adequate assurance that it will promptly cure, any such default; (b) compensate, or provide adequate assurance that it will promptly compensate, the other party to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (c) provide adequate assurance of future performance under such contract or lease.

**7.6    Rejection of Executory Contracts and Unexpired Leases.**

Without admitting the validity of any other executory contracts and unexpired leases, all executory contracts and unexpired leases of the Debtor that are not listed on **Exhibit "A"** to the Plan are hereby rejected by the Debtor as of the Effective Date.  Confirmation of the Plan will be deemed to constitute Bankruptcy Court approval of such rejection.

**7.7    Rejection Claims.**

The holder of a Rejection Claim must file with the Bankruptcy Court, and serve on counsel for the Reorganized Debtor, a proof of Claim relative to such Rejection Claim on or before the Rejection Claims Bar Date or be forever barred from asserting any such Claim or receiving any payment or other Distribution on account of such Claim.

**ARTICLE VIII.**

**PROOFS OF CLAIM; OBJECTIONS**

**8.1    Time for Filing Proofs of Claim.**

Proofs of Claim, when required, must be filed with the Bankruptcy Court no later than the applicable Claims Bar Date (which for most prepetition Claims was May 10, 2011 and for

governmental units will be July 5, 2011).

### 8.2 Ownership and Transfers of Claims.

Distributions to Creditors under the Plan will be made to the Persons shown on the Debtor's or the Bankruptcy Court's records on the Effective Date. For purposes of any Distribution under the Plan, the Reorganized Debtor, the Disbursing Agent, the Responsible Person, and their professionals will have no obligation to recognize any transfer of Claims after the Effective Date.

> ANY PARTY WHO ACQUIRES A CLAIM AGAINST THE DEBTOR OR REORGANIZED DEBTOR AFTER THE EFFECTIVE DATE MUST ARRANGE WITH THE HOLDER OF SUCH CLAIM TO RECEIVE DISTRIBUTIONS TO WHICH THE TRANSFEREE MAY BE ENTITLED. NEITHER THE REORGANIZED DEBTOR NOR THE DISBURSING AGENT WILL BE REQUIRED TO TRACK CHANGES IN OWNERSHIP OF CLAIMS AFTER THE EFFECTIVE DATE.

### 8.3 Amendments to Claims.

Except as provided by the Plan or as otherwise permitted by the Bankruptcy Court, the Bankruptcy Rules or applicable law, proofs of Claim: (a) may not be filed upon expiration of the applicable bar date; and (b) may not be amended after the expiration of the applicable bar date except for amendments to proofs of Claim to decrease the amount or priority thereof.

### 8.4 Claim Objections.

An objection to a Claim must be filed no later than the Claims Objection Date. The Reorganized Debtor shall have the primary responsibility to review Claims filed against the Debtor, to file objections as appropriate and to resolve Disputed Claims.

### 8.5 Disallowance of Claims.

All claims of any Entity from whom property is sought by the Debtor, the Reorganized Debtor or the Responsible Person, under Sections 542, 543, 550 or 553, of the Bankruptcy Code, or with respect to whom the Debtor, the Reorganized Debtor or Responsible Person alleges is a transferee of a transfer that is avoidable under Section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code, will be disallowed if: (a) such Entity on one hand, and the Debtor, the Reorganized Debtor or the Responsible Person, on the other hand, agree, or the Bankruptcy Court has determined by a Final Order that such Entity or transferee is liable to turnover any

property or monies under any of the aforementioned sections of the Bankruptcy Code, and (b) such Entity or transferee has failed to turnover such property by the dates set forth in such agreement or Final Order.

EXCEPT AS OTHERWISE AGREED, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE APPLICABLE CLAIMS BAR DATE WILL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS WILL NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT ON OR BEFORE THE LATER OF (A) THE CONFIRMATION HEARING, OR (B) 45 DAYS AFTER THE APPLICABLE BAR DATE.

**8.6     Reserve Accounts.**

8.6.1     Disputed Claims Reserve Account.

Subject to the next sentence, any cash that would be distributed to the holder of a Disputed Claim if it were an Allowed Claim on any Distribution Date hereunder will be deposited by the Disbursing Agent into the Disputed Claims Reserve Account.  Not later than fifteen (15) days after the Disbursing Agent receives notice that a Disputed Claim has been Allowed in whole or in part, the Disbursing Agent shall Distribute the cash deposited into the Disputed Claims Reserve Account on account of such Disputed Claim.  To the extent that cash payments made into the Disputed Claims Reserve Account on account of a Disputed Claim ultimately exceed the cash distributable with respect to the Allowed Amount of such Claim, such excess cash will become the property of the Reorganized Debtor.

**8.7     Distributions.**

Notwithstanding any provision of the Plan specifying a date or time for payments or Distributions of consideration hereunder, payments and Distributions in respect of any Claim that at such date or time is disputed, unliquidated, contingent, or unknown as to amount will not be made until a Final Order with respect to an objection, estimation or valuation of such Claim is entered by the Bankruptcy Court, whereupon appropriate Distributions will be made promptly in accordance

with the preceding section.

## ARTICLE IX.

## DEFAULT

If the Reorganized Debtor defaults in the performance of any of its obligations under the Plan, and has not cured such default within a period of twenty-one (21) days after receipt of written notice of default from any party in interest affected by the alleged default, then such party in interest may file a motion with the Bankruptcy Court seeking an order directing the Reorganized Debtor to perform such obligations. If the Reorganized Debtor defaults in the performance of any material obligation under the Plan, any party in interest, including the Office of the United States Trustee, may file a motion with the Bankruptcy Court seeking an order converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. If such motion is granted, the Plan will terminate, and all then remaining property of the Reorganized Debtor will vest in the Chapter 7 estate. Such property will be administered by the Chapter 7 trustee as prescribed in Chapter 7 of the Bankruptcy Code. Any party in interest, including the Reorganized Debtor, may oppose any such motion.

## ARTICLE X.

## PRESERVATION OF RETAINED CLAIMS AND AVOIDANCE ACTIONS

The Debtor continues to review transactions and records which process may result in additional claims against persons not yet identified herein, and may also result in other claims against persons identified herein in addition to those identified at this point in time. Nothing in the Plan will be deemed to constitute a waiver of the powers of the Debtor as a debtor in possession under the Bankruptcy Code or the Bankruptcy Rules, and the Debtor and the Reorganized Debtor, as applicable, will retain after Confirmation and after the Effective Date, all powers granted by the Bankruptcy Code and the Bankruptcy Rules to a trustee and debtor in possession, including without limitation, those relating to the recovery of property, avoidance of liens, and objection to, and/or subordination of, Claims, including the potential claim against Saeed Amini. Confirmation of the Plan effects no settlement, compromise, waiver or release of any Retained Claim unless the Plan or Order of Confirmation specifically and unambiguously so provides. The failure of the Plan to refer to any particular Retained Claim is not and will not be construed as a settlement, compromise,

waiver, or release of any such Retained Claim. All Retained Claims are hereby preserved and will continue to remain valid after the Effective Date. Except as provided in the Plan or the Order of Confirmation, the Debtor and the Reorganized Debtor reserve any and all Claims, Retained Claims, causes of action and rights against any and all third parties, whether such Claims, Retained Claims, causes of action or rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date and/or the date Distributions are made. The entry of the Confirmation Order will not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtor or the Reorganized Debtor, as applicable, regarding any claims they hold as identified herein or otherwise.

Without limiting the generality of the foregoing, the Retained Claims include, but are not limited to, Avoidance Actions, the claim against Saeed Amini for the return of an avoidable transfer, and all claims identified in the Debtor's Schedules and Statement Of Financial Affairs (as amended or supplemented), if any. Any recovery arising out of or related to an Avoidance Action will be property of the Debtor or Reorganized Debtor as applicable, and will be used to pay Distributions pursuant the Plan.

**ARTICLE XI.**

**<u>RETENTION OF JURISDICTION</u>**

The Bankruptcy Court will have and retain on and after the Confirmation Date and on and after the Effective Date exclusive jurisdiction of the Bankruptcy Case: (a) to enforce the provisions, purposes, and intent of the Plan; (b) to determine the allowance or disallowance of Claims; (c) to hear and determine proceedings initiated before or after the Confirmation Date and the Effective Date regarding the prosecution of the Retained Claims or any other rights, claims, causes of action or claims for relief held by the Reorganized Debtor against any party, including the recovery of property and subordination of Claims; (d) to fix and approve allowance of compensation and other Administrative Claims, including, if appropriate, payments to be made in connection with the Plan; (e) to adjudicate controversies arising from the terms of the Plan; (f) to hear and determine any proposed modifications of or amendments to the Plan to the extent permitted by Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019; (g) to enforce or interpret the provisions of the Plan, the Order of Confirmation or any order entered by the Bankruptcy Court in the Bankruptcy Case; (h)

to facilitate the consummation of the Plan; (i) to consider such other matters as may be set forth in the Plan or the Order of Confirmation; (j) to hear and determine any Claim of any Person of any nature whatsoever against the Debtor's Professionals arising in, under or related to the Case; (k) to hear any other matters pertaining to the Plan; and (l) to enter a Final Decree closing the Bankruptcy Case. If closed, the Bankruptcy Case may be reopened at any time to facilitate the provisions of this Article XI of the Plan.

## ARTICLE XII.

## **EFFECT OF ORDER OF CONFIRMATION**

As of the Confirmation Date, the effect of the Order of Confirmation will be as provided in Section 1141 of the Bankruptcy Code, and as follows:

### 12.1    Binding Effect of Plan.

The provisions of the confirmed Plan will bind the Debtor, the Reorganized Debtor, any entity acquiring property under or otherwise accepting the benefits of the Plan, and every Creditor and Interest Holder, whether or not such Creditor or Interest Holder has filed a proof of Claim or Interest in the Bankruptcy Case, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan.

### 12.2    Discharge.

Except as otherwise provided in the Plan or the Order of Confirmation, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims, including any interest accrued thereon from and after the Petition Date, against the Debtor, the Reorganized Debtor, the Bankruptcy Estate, or any assets or property of the Debtor, the Reorganized Debtor and the Bankruptcy Estate. Except as provided in the Plan or the Order of Confirmation, pursuant to Bankruptcy Code § 1141(d), Confirmation forever discharges the Debtor and the Reorganized Debtor from any and all Claims and all debts that arose before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (a) a proof of Claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based on such

debt is Allowed under Section 502 of the Bankruptcy Code; or (c) the holder of a Claim based on such debt has accepted the Plan.

**12.3    Exculpation.**

None of the Debtor, the Reorganized Debtor, the Responsible Person, and their respective officers, directors, members, managers, employees, advisors, attorneys, agents, or direct and indirect affiliates will have or will incur any liability to any holder of a Claim or Interest, or any other party in interest, or any of their respective members or former members, agents, employees, representative, financial advisors, attorneys or affiliates or any of their predecessors, successors, or assigns, for any act or omission in connection with, relating to, or arising out of, the Bankruptcy Case, the negotiation and pursuit of confirmation of the Plan, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan excluding the obligations of the Debtor or the Reorganized Debtor under the Plan and any acts or omissions of any Person covered by this Section constituting willful misconduct or gross negligence, and in all respects such Persons shall be entitled to rely on the advice of counsel with respect to their duties and responsibilities under the Plan.

**12.4    Full Satisfaction of Claims and Interests.**

Except as otherwise provided in the Plan and the Order of Confirmation, the rights afforded in the Plan will constitute full and complete satisfaction and release of all Claims and Interests, including any interest accrued thereon from and after the Petition Date, against the Debtor, the Reorganized Debtor, the Bankruptcy Estate, or any assets or property of the Debtor, the Reorganized Debtor and the Bankruptcy Estate.

**12.5    Injunction.**

As of the Confirmation Date, all Persons or Entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined from commencing or continuing any action, the employment of process, or other action, to collect, recover or offset any such Claim or debt as a liability of the Debtor or the Reorganized Debtor to the fullest extent permitted by Bankruptcy Code Section 524.

**12.6    Judgments Null and Void.**

Any judgment obtained before or after the Confirmation Date in any court other than the Bankruptcy Court will be null and void as a determination of the liability of the Debtor or the Reorganized Debtor.

**12.7    Preservation of Insurance.**

Nothing in the Plan will diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtor or any other Person.

## ARTICLE XIII.

## CONDITIONS PRECEDENT

**13.1    Conditions Precedent.**

Each of the following is a condition to the Effective Date:

> The Confirmation Order is entered and becomes a final order in form and substance satisfactory to the Debtor. The Confirmation Order will provide, among other things, that the Debtor or Reorganized Debtor, as appropriate, is authorized and directed to take all actions necessary or appropriate to consummate the Plan, including, without limitation, entering into, implementing and consummating the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with or described in the Plan.

**13.2    Waiver of Conditions.**

The conditions set forth above may be waived by the Debtor without notice, leave or order of the Bankruptcy Court, or any formal action other than proceeding to confirm or consummate the Plan.

## ARTICLE XIV.

## MISCELLANEOUS

**14.1    No Admissions.**

Except as specifically provided in the Plan, nothing contained in the Plan may be deemed or construed in any way as an admission by the Debtor or its Bankruptcy Estate with respect to any fact or any matter set forth in the Plan, including the amount or allowability of any Claim, or the value of any property of the Bankruptcy Estate.

Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or the

Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan will: (a) be deemed to be an admission by the Debtor with respect to any matter discussed in the Plan, including liability on any Claim or the propriety of any Claim's classification; (b) constitute a waiver, acknowledgement, or release of any Claim, Interest, or any claims held by the Debtor; or (c) prejudice in any manner the rights of the Debtor or the Bankruptcy Estate in any further proceedings.

### 14.2 Revocation of the Plan.

The Debtor reserves the right to withdraw the Plan before the Confirmation Date.

### 14.3 Successors and Assigns.

The rights, benefits, and obligations of any Entity referred to in the Plan will be binding on, and will inure to the benefit of any heir, executor, administrator, successor, or assign of that Entity.

### 14.4 Nonconsensual Confirmation.

In the event that Classes entitled to vote fail to accept the Plan in accordance with Bankruptcy Code Section 1129(a)(8), the Debtor reserves the right to modify the Plan in accordance with Bankruptcy Code Section 1127(a). In accordance with Section 1127 of the Bankruptcy Code, the Debtor reserves the right to alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule including amending or modifying it to satisfy the requirements of the Bankruptcy Code.

### 14.5 Destruction of Records.

The Reorganized Debtor may, but is not required to, seek one or more orders of the Bankruptcy Court authorizing the abandonment and destruction of its books and records at such time as the recordkeeping time periods required by applicable law, custom or practice have expired.

### 14.6 Saturday, Sunday and Legal Holiday.

If any payment or act under the Plan should be made or performed on a day that is not a Business Day, then the payment or act may be completed the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

### 14.7 Plan Interpretation.

The headings contained in the Plan are for convenience of reference only and do not limit or otherwise affect in any way the meaning or interpretation of the Plan. All references in the Plan to

JWM/RRL
K:\Pampas Palo Alto, LLC\Pld\DS and Plan\Plan\v9.docx

DEBTOR'S PLAN OF REORGANIZATION
(DATED JULY 21, 2011)

the singular will be construed to include references to the plural and vice versa. All references in the Plan to any one of the masculine, feminine or neuter genders will be deemed to include references to both other such genders. References to the Debtor will also include the Reorganized Debtor (or vice versa) as the context requires. All references in the Plan to a Section or an Article mean the appropriately numbered Section or Article of the Plan. Whenever the Plan uses the term "including," such reference is deemed to mean "including, but not limited to."

### 14.8 Modification.

The Debtor may propose amendments to or modifications of the Plan under Section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the conclusion of the hearing on Confirmation of the Plan. After the Confirmation Date, the Debtor may modify the Plan in accordance with Section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019.

### 14.9 Setoff/Recoupment.

Nothing contained in this Plan constitutes a waiver or release by the Debtor or Reorganized Debtor of any right of setoff or recoupment the Debtor may have against any Creditor.

### 14.10 Waiver.

After the Confirmation Date, except as otherwise specifically set forth in the Plan, any term of the Plan may be waived only by the party or parties entitled to the benefit of the term to be waived.

### 14.11 Notices.

All notices required or permitted to be made in accordance with the Plan must be in writing and delivered personally or by first class mail, as follows:

If to the Reorganized Debtor:

Pampas Palo Alto, LLC
Attn: Timothy Reynders
529 Alma Street
Palo Alto, CA 94301

With a copy to:

John Walshe Murray
Murray & Murray
A Professional Corporation
19400 Stevens Creek Boulevard, Suite 200
Cupertino, CA 95014

and if to a holder of an Allowed Claim or Allowed Interest, at the address prescribed by Section 6.4.2.  Notices will be deemed given when delivered or three days after deposit in the United States mail.  Any entity may change the address at which such entity is to receive notices under the Plan by filing a written notice with the Bankruptcy Court and serving such notice on the Reorganized Debtor and its counsel.

### 14.12   Reservation of Rights.

Neither the filing of the Plan nor any statement or provision contained in the Plan or in the Disclosure Statement, nor the taking by any party in interest of any action with respect to the Plan, will: (a) be or be deemed to be an admission against interest; and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest may have: (i) against any other party in interest; or (ii) in any of the assets of any other party in interest, and, until the Effective Date, all such rights are specifically reserved.  In the event that the Plan is not confirmed or fails to become effective, neither the Plan nor the Disclosure Statement nor any statement contained in the Plan or in the Disclosure Statement may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Bankruptcy Case involving the Debtor.

### 14.13   Exhibits.

All exhibits attached to the Plan are hereby incorporated into the Plan by this reference.

Dated: July 21, 2011

**PAMPAS PALO ALTO, LLC**
A CALIFORNIA LIMITED LIABILITY COMPANY


By:   */s/ Timothy Reynders*_____
      Timothy Reynders
      Responsible Individual


**MURRAY & MURRAY**
A Professional Corporation


By:   */s/ John Walshe Murray*_____
      John Walshe Murray
      Attorneys for Debtor